UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| FREDDIE L. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 4:21cv136 |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Defendant LVNV Funding, Inc.'s ("LVNV") Motion to Dismiss for Failure to State a Claim and accompanying memorandum. ECF Nos. 17, 18. Plaintiff Freddie L. Williams ("Plaintiff") filed a brief in opposition, ECF No. 32, and LVNV filed a reply, ECF No. 34. The parties consented to Magistrate Judge jurisdiction on September 12, 2022, ECF No. 108, and the case was referred to the undersigned the next day, ECF No. 109. Also before the Court is Defendant Resurgent Capital Services, LP's ("Resurgent") Motion to Dismiss for Failure to State a Claim and memorandum in support. ECF Nos. 6, 7, Civil Action No. 4:22cv53.[1] Plaintiff filed a brief in opposition, ECF No. 20, and Resurgent filed a reply, ECF No. 21. The Court held a hearing on the motions on October 24, 2022. Accordingly, the Motions are ripe for decision. For the reasons set forth below, both LVNV's and Resurgent's Motions to Dismiss are **DENIED**.

### I. LVNV's MOTION

#### A.   FACTUAL AND PROCEDURAL BACKGROUND

This case comes before the Court under its federal question jurisdiction pursuant to 28

---

[1] Civil Action No. 4:22cv53 was consolidated with the instant case by Court Order on July 6, 2022. ECF No. 93.

U.S.C. § 1331, as Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA") at 15 U.S.C. § 1681. ECF No. 6 at 1-3.

Plaintiff filed his first Complaint in Civil Action No. 4:21cv136 on October 27, 2021, alleging injuries under FCRA. ECF No. 1. Plaintiff filed an Amended Complaint on November 5, 2021. ECF No. 6. The original Defendants were: (1) Equifax Information Services, LLC ("Equifax"); (2) Trans Union LLC ("Trans Union"); and (3) LVNV. ECF No. 6. Plaintiff asserts four counts: (1) violation of FCRA 15 U.S.C. § 1681e(b) (Equifax and Trans Union); (2) violation of FCRA 15 U.S.C. § 1681i(a) (Equifax and Trans Union); (3) violation of FCRA 15 U.S.C. § 1681s-2(b)(1)(A) and (B) (LVNV Funding); and violation of FCRA 15 U.S.C. § 1681s-2(b)(1)(C) and (D) (LVNV Funding). ECF No. 6 at 18-22. Trans Union settled with Plaintiff on May 3, 2022, and Plaintiff's claims against Trans Union were dismissed with prejudice on June 8, 2022. ECF Nos. 48, 80. Plaintiff's claims against Equifax were dismissed with prejudice on May 20, 2022. ECF No. 65. On May 2, 2022, Plaintiff filed a Complaint against Resurgent in Civil Action No. 4:22cv53 for the same conduct, alleging that "LVNV Funding outsources the management of its portfolio of accounts to ... Resurgent ... a licensed third-party debt collector." ECF No. 1 at 2, ¶ 8. On May 11, 2022, LVNV and Resurgent filed a Joint Motion to Consolidate and supporting memorandum. ECF Nos. 50, 51. The Court granted the Motion to Consolidate Cases on July 6, 2022. ECF No. 93.

Plaintiff alleges around August 2020 he "obtained a copy of his credit report from each of the three credit reporting agencies ["CRAs":] Equifax, Experian, and TransUnion." ECF No. 6 at 8 ¶ 30. Plaintiff alleges each credit report reported a Credit One account ("Account") that he did not open and did not belong to him. ECF No. 6 at 8 ¶ 30, 32. Plaintiff alleges the Account was sold to LVNV in August 2018. ECF No. 6 at 8 ¶ 31. Plaintiff alleges he disputed the Account

with LVNV, LVNV did not investigate, and LVNV used Plaintiff's address from his letter disputing the Account to sue Plaintiff for the Account in Newport News General District Court ("state court"). ECF No. 6 at 8 ¶ 37. In his Amended Complaint, Plaintiff alleges "[t]he dispute was tried – with witnesses and documents – and considered on its merits by the Virginia state court." ECF No. 6 at 8 ¶ 38. In state court, Plaintiff filed a counterclaim against LVNV for attorney's fees under Va. Code § 6.2-427. ECF No. 18-3. That statute provides:

> In any suit arising out of the use of a credit card, where the request, consent, or use as required by § 6.2-425 is denied and is not provided, and judgment shall be for the defendant, the court shall assess against the issuer all court costs and shall award the defendant a reasonable attorney fee.

Va. Code § 6.2-427. The state court ambiguously marked both the warrant in debt for the Account and the counterclaim for attorney's fees as "dismissed." ECF No. 18-5.

The gravamen of Plaintiff's Amended Complaint is his claim LVNV violated FCRA "when it received Plaintiff's disputes from the [credit reporting] agencies and failed to reasonably investigate those disputes." ECF No. 6 at 3 ¶ 9. Plaintiff alleges LVNV is a "Furnisher" under FCRA. ECF No. 6 at 4 ¶ 19. Plaintiff alleges under FCRA, furnishers have independent duties, including the duty to investigate consumers' disputes. ECF No. 6 at 7 ¶ 29, at 17 ¶ 79. Additionally, Plaintiff alleges he disputed the Account with the CRAs and the CRAs forwarded those disputes to LVNV. ECF No. 6 at 11 ¶ 52. Plaintiff alleges when the CRAs forwarded the disputes to LVNV that LVNV was then obligated to investigate because of FCRA. ECF No. 6 at 11 ¶ 54.

LVNV filed a Motion to Dismiss and accompanying memorandum on December 3, 2021. ECF Nos. 17, 18. LVNV argues Plaintiff's state court counterclaim for attorney's fees bars this instant action under the doctrine of res judicata. *Id*. Plaintiff filed a memorandum in opposition to LVNV's Motion to Dismiss and argues his FCRA claim is not barred by res judicata because

the FCRA claims are not part of the same conduct, transaction, or occurrence as his state court counterclaim. ECF No. 32. Plaintiff also noted that LVNV has not met its burden to establish that the state court action resulted in a valid, final judgment.[2] *Id.* at 4, n.1. LVNV filed a Reply reiterating its res judicata argument. ECF No. 34. Consequently, the question before the Court is whether Plaintiff's FCRA claim is barred by res judicata.

**B.   STANDARD OF REVIEW**

A motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure challenges the legal sufficiency of a complaint. *Jordan v. Alternative Resources Corp.,* 458 F.3d 332, 338 (4th Cir. 2006). While considering this motion, the court must assume that the facts alleged are true and view them in the light most favorable to the plaintiff. *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000); *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993).

When a state court judgment's preclusive effect is at issue, courts must apply that state's laws to determine whether res judicata applies. 28 U.S.C. § 1738; *Matsushita Elec. Indus. Co. v. Epstein,* 516 U.S. 367, 373 (1996); *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 470 U.S. 373, 380 (1985); *Bennett v. Garner,* 913 F.3d 436, 440 (4th Cir. 2019). Therefore, the Court applies Virginia law in its analysis of whether Plaintiff's FCRA claim is barred by res judicata.

**C.   DISCUSSION**

In Virginia, Rule 1:6 governs res judicata.

A party whose claim for relief arising from identified conduct, a transaction, or an

---

[2] Plaintiff makes additional arguments why Defendant's motion to dismiss should be denied, contending that Virginia has no compulsory counterclaims and therefore Plaintiff need not have brought his FCRA claim in state court, that Plaintiff could not have brought his FCRA claims in state court because they accrued after the state court lawsuit commenced, and that the state court's jurisdictional amount was limited. ECF No. 32 at 11-14. Because Defendant has not met the required elements for res judicata to apply in the first instance and the Court decides Defendant's Motion to Dismiss on that basis, the Court need not address Plaintiff's alternate arguments.

occurrence, is decided on the merits by a final judgment, is forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought. A claim for relief pursuant to this rule includes those set forth in a complaint, counterclaim, cross-claim or third-party pleading.

Va. R. Sup. Ct., 1:6(a). Additionally, "[f]or purposes of this Rule, party or parties include all named parties and those in privity." Va. R. Sup. Ct., 1:6(d). Therefore, the requirements for res judicata to apply are 1) a final judgment decided on the merits; 2) the claim or cause of action arises from the same conduct, transaction, or occurrence; and 3) the same parties or parties in privity. Va. R. Sup. Ct., 1:6; *Hately v. Watts*, 917 F.3d 770, 778 (4th Cir. 2019) (applying Virginia's res judicata law).[3] Under Virginia law, the party asserting res judicata "has the burden of proving by a preponderance of the evidence that the claim or issue is precluded by a prior judgment." *Scales v. Lewis*, 261 Va. 379, 383 (2001).[4]

**1. Plaintiff's claim is not barred by res judicata because LVNV has failed to establish that the state court's dismissal of Plaintiff's counterclaim was a final judgment on the merits.**

The claim for relief which LVNV contends predicates the res judicata bar to Plaintiff's

---

[3] *Hately* also discusses a fourth element for issue preclusion in Virginia: mutuality. *Hately*, 917 F.3d at 778. However, because the parties did not discuss mutuality in the context of the issues here, the Court does not address it.

[4] LVNV argued at length, both in its briefing and at the hearing, that enactment of Rule 1:6 of the Rules of the Supreme Court of Virginia was intended to broaden what was believed to be an overly limiting view of res judicata as expressed in pre-Rule 1.6 case law. *See, e.g.*, ECF No. 18 at 5 ("[T]he enactment of Rule 1:6 was designed to do away with 'temporary aberration[s]' in its case law that limited the doctrine's preclusive effect…The [*Funny Guy*] Court announced that the Rule represented a return to the days where *res judicata* was broadly applied . . . ."). While LVNV never discussed or even cited to *Scales* in its briefing, *see* ECF Nos. 18, 34, *passim*, it did explain away the precedential value of *Scales* by arguing at the hearing that, because it was decided "under a prior, abrogated version of res judicata" it should be given little precedential weight. ECF No. 113 at 8; *see also* at 51. The Court disagrees, as the Fourth Circuit's decision in *Hatley*, decided after Rule 1.6 was enacted and after the *Funny Guy* Court's interpretation, favorably cited *Scales* and considered it of significant precedential value for the principles relied on by the undersigned here. *See* 917 F.3d at 778.

cause of action in this Court is the dismissal of Plaintiff's counterclaim for attorney's fees in the state court action brought against him by LVNV.[5]  In Virginia, "[w]here a court dismisses a case using general terms, without specifying whether the dismissal is with or without prejudice, the legal effect is 'no different than [if] the order specifically s[ays] without prejudice.'" *Wilcox v. Wilcox*, 102 Va. Cir. 61, *3 (Va. Circ. Ct. 2019) (citing *Barrett v. Virginia, Dep't of Soc. Servs., Div. of Child Support Enforcement*, No. 1613-14-3, 1614-14-3, 2015 LEXIS 174, at *28 (Va. Ct. App. May 19, 2015)).  The Fourth Circuit noted "Virginia courts likewise decline to apply issue preclusive effect to prior court dispositions subject to multiple interpretations." *Hately*, 917 F.3d at 779 (4th Cir. 2019).[6]

Additionally, "[i]n order to prove that a claim or issue is precluded by a former adjudication, the record of the prior action must be offered in evidence." *Scales*, 261 Va. at 383 (internal citations and quotations omitted).  A transcript of a general district court case can be helpful, but is not essential. *Id.*  For example, the record of the prior action can be proven by a general district court's order with a detailed summary of the proceedings or if a general district court signs a statement of facts. *Id.*

Applying Virginia law, this Court finds that LVNV has failed to establish that the dismissal of Plaintiff's state court counterclaim was a final judgment decided on the merits.  In LVNV's accompanying memorandum to its Motion to Dismiss, LVNV attached the disposition of the claims from state court, which are both marked ambiguously as "dismissed." ECF No. 18-5.  At most, the nature of the resolution of Plaintiff's counterclaim is ambiguous, which fails to meet

---

[5] At the hearing, Defense counsel agreed that res judicata would not be applicable in this case had Plaintiff not brought his counterclaim for attorney's fees in state court.  ECF No. 113 at 26.

[6] The Fourth Circuit in *Hately*, 917 F.3d at 779-80, also relied on *Pijor v. Commonwealth*, 294 Va. 502 (2017), which itself cites *Lee v. Commonwealth*, 219 Va. 1108 (1979).  Since both are criminal cases, the Court did not rely on them in making its decision, but the principles of collateral estoppel in both cases strongly support the Court's decision here.

LVNV's burden of proving a final judgment on the merits by a preponderance of the evidence. First, as noted, a dismissal that is not made "with prejudice" is considered "without prejudice," and thus not a final judgment on the merits. The Supreme Court of Virginia, when presented with facts substantially similar to those presented here, found that a General District Court's simple dismissal of a warrant in debt, rather than entry of judgment, was not a valid, final judgment. *Scales*, 261 Va. at 383. Second, given that LVNV's claim for the credit card debt was dismissed, if the state court had decided the counterclaim on the merits then it should have awarded Plaintiff his attorney's fees as a matter of law. Va. Code § 6.2-427 (providing that in any suit arising out of a credit card debt where the defendant did not request the card and the plaintiff cannot establish that he did, the court "*shall* award the defendant a reasonable attorney fee.") (emphasis added). The state court's failure to do so and dismissal of the counterclaim therefore strongly indicates no decision on the merits of the counterclaim was reached.

LVNV contends that Plaintiff's allegation in the Amended Complaint that "[t]his dispute was tried – with witnesses and documents – and considered on its merits by the Virginia state court," ECF No. 6 at 8 ¶ 38, constitutes Plaintiff's binding admission that the counterclaim was tried on the merits to a valid, final judgment. The Court disagrees. The reference to the "dispute" which was the subject of that statement reasonably can be inferred to mean only LVNV's suit to collect the Account debt, not Plaintiff's claim for attorney's fees. LVNV's quote to only part of paragraph thirty-eight — "[i]n [Plaintiff's] own words, it is obvious that '[t]he dispute was tried – with witnesses and documents – *and considered on its merits* by the Virginia state court.'"[7] — removes the context that more fully describes the dispute at issue. The remainder of paragraph thirty-eight and the surrounding allegations reasonably support the conclusion that the dispute

---

[7] ECF No. 34 at 2 (emphasis in original).

referenced in the Amended Complaint referred only to the purported credit card debt for which

Plaintiff was sued by LVNV, not Plaintiff's counterclaim for attorney's fees.

> 37. Plaintiff also disputed the Account with LVNV Funding. Rather than conducting an investigation into the Account, LVNV Funding used Plaintiff's address from his letter to sue him in Newport News General District Court.
> 38. This dispute was tried – with witnesses and documents – and considered on its merits by the Virginia state court. The Court entered a directed verdict at the close of LVNV's case and found for Mr. Williams – that this account was not his.
> 39. Prior to final judgment in his GDC case, Plaintiff disputed a second time to Equifax and TransUnion in writing on February 18, 2021, including the fact that ownership of the Account was being litigated in Virginia state court.

ECF No. 6 at 8.  These allegations do not clearly state that the counterclaim, as opposed to just

LVNV's primary claim, was litigated on the merits.[8]  This was LVNV's burden to establish by a

preponderance of the evidence, and it has failed to do so. *Hately*, 917 F.3d at 778 (citing *Scales*,

261 Va. at 383).

**2.  Plaintiff's clam is not barred by res judicata because the alleged FCRA violation constitutes a separate conduct, transaction or occurrence from that litigated in the state court case.**

Apart from the question of whether there was a valid, final judgment on the merits in state

court, that litigation did not involve the same conduct, occurrence or transaction at issue in the

instant case.  To determine whether a new cause of action is the same conduct, transaction, or

occurrence, courts must determine, with no factor being determinative, "'whether the facts are

related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether

their treatment as a unit conforms to the parties' expectations or business understanding or usage.'"

*Funny Guy, LLC v. Lecego, LLC*, 293 Va. 135, 154 (2017) (citation omitted).  Courts must

determine what the "underlying dispute" is. *Id.* at 155 (2017).  In *Funny Guy*, the court considered

---

[8] In addition, at the hearing, although not part of the record and thus not necessary to consider, Plaintiff's counsel represented to the Court that Plaintiff's state court counterclaim was dismissed without argument or evidence presented because Plaintiff ultimately decided not to seek attorney's fees since a law student acting on a third-year practice certificate was arguing on behalf of Plaintiff's law firm. ECF No. 113 at 30.

"one underlying dispute" which was simply whether Lecego owed Funny Guy money for work performed. *Id.* at 139. Finding there was just that one dispute, the court rejected Funny Guy's multiple claims to recover the single disputed amount. *Id.* at 159.

Here, the conduct, transaction, or occurrence that formed the basis of the state court action was LVNV's attempts to collect a debt by means of a lawsuit in General District Court. This conclusion is reinforced by the nature of Plaintiff's counterclaim, which was solely and specifically targeted to recover attorney's fees under a Virginia statute permitting this relief for a successful defendant in this type of credit card debt collection action. *See* Va. Code § 6.2-427. Plaintiff's FCRA claim involves different conduct and is a separate transaction or occurrence from Plaintiff's state court counterclaim. LVNV's conduct in the state court litigation was LVNV's bringing of the lawsuit, which, if unsuccessful, entitled Plaintiff to recover his attorney's fees. LVNV's conduct in this FCRA litigation is its alleged breach of its duties to investigate the dispute and to report the dispute to the credit reporting agencies. These claims are wholly unrelated in motivation and purpose. In state court, Plaintiff's motivation and purpose in bringing the counterclaim were to recompense his attorney's fees under a specific Virginia statute authorizing attorney's fees based on LVNV's ultimate failure to prevail on its state court claim for a credit card debt. In this action, Plaintiff's motivation and purpose is to obtain redress for LVNV's conduct in allegedly failing to fulfill its investigatory and reporting obligations under FCRA, which is an occurrence or transaction entirely separate and apart from that addressed in the state court proceeding.

While the claims are potentially related in time and space because they generally arose during the same time period, that is not determinative. Plaintiff limited his counterclaim in state court to attorney's fees, so there was no convenient trial unit, and the parties would not have

9

expected this FCRA claim to be litigated in state court. The Court finds the underlying dispute in state court was simply whether Plaintiff owed the Account debt and, if LVNV could not prove that he did, Plaintiff's statutory entitlement to attorney's fees for LVNV's failure of proof. In contrast, the Court finds the underlying dispute in this instant action is whether LVNV failed to investigate Plaintiff's disputes as it was obligated to do under FCRA, and report the disputes to the credit reporting agencies. LVNV's potential violation of its FCRA obligations are wholly independent of and not sufficiently related to Plaintiff's claim for attorney's fees under the Virginia Code.

Furthermore, Plaintiff's claims in the instant case are not an alternative legal claim for Plaintiff to pursue his state court counterclaim. LVNV's repeated[9] references in the briefing to the principle that "it is irrelevant whether particular theories of recovery were actually asserted and decided in the prior litigation," is a strawman argument. Plaintiff is not simply asserting a different "theory of recovery" here. He is asserting a whole new harm — LVNV's breach of its FCRA duties. Plaintiff's state court counterclaim was solely to recover attorney's fees for wrongfully being sued in state court. Whether or not LVNV investigated Plaintiff's disputes was not litigated in state court because it was entirely unnecessary to the resolution of Plaintiff's counterclaim. Notably, Plaintiff's state court counterclaim only sought attorney's fees and costs pursuant to Va. Code § 6.2-427, because it was entitled to them as a matter of law if LVNV lost the case. The counterclaim did not mention LVNV's failure to investigate and sought no relief on that basis. ECF No. 18-3 at 5 ¶ 26. It is clear to the Court that Plaintiff's state court counterclaim was obviously limited to recovering attorney's fees in connection with being sued in state court over the Account. While LVNV argues that Rule 1.6 was drafted to be pragmatically broad, relying on *Funny Guy*, the Court is not persuaded the same conduct, transaction, or occurrence standard is so

---

[9] *See* ECF No. 18 at 5-6, 10-12; No. 34 at 3-4.

10

broad to equate a claim for failure to investigate a dispute under FCRA with a counterclaim to recover attorney's fees for prevailing on a disputed credit card debt in state court.

Consequently, for the reasons stated herein, LVNV's Motion to Dismiss, ECF No. 17, is **DENIED**.

## II. RESURGENT'S MOTION

Resurgent's Motion to Dismiss is premised on the same arguments as LVNV's—that res judicata bars Plaintiff from bringing this action based on his prior state court counterclaim. Arguing that it is in privity with LVNV, it contends that it, too, is entitled to dismissal. For the same reasons the Court has found that res judicata does not preclude Plaintiff's claim against LVNV, it also does not preclude Plaintiff's claim against Resurgent. Accordingly, Resurgent's Motion to Dismiss, ECF No. 6 in Civil Action No. 4:22cv53, is **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to all counsel of record.

It is so **ORDERED**.

Lawrence R. Leonard
United States Magistrate Judge

Newport News, Virginia
November 10, 2022